UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 5:09-Cv-41-oc-10GRJ

NORMA SPENCE,

    Plaintiff,
v.

OCALA NATIONAL BANK, DOES 1-100
AND TRUSTEES 1-100,

    Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

The Defendant, Ocala National Bank (Bank), submits this Memorandum of Law in support of its Motion for an extension of time to respond to the Complaint in this action.

## ARGUMENT

No party gets an automatic extension of time to respond simply because a complaint is complex, long, or obtuse. Steinway v. Village of Pontoon Beach 2007 WL 627464 (S.D. Ill.). It must seek an extension of time to respond by the submission of a motion that complies with Fed. R. Civ. P. 7(b) and Local Rule 3.01.

If it is assumed that those rules are observed, a cursory review of the hundreds of cases decided by the various United States District Courts reveals that a motion for a reasonable extension of time to plead to a complex complaint is ordinarily granted. Even when there are issues in regard to the failure of a defendant to timely respond to a complaint, District Courts have still almost always granted motions to extend the time to plead. This is particularly true when it is necessary for a defendant to investigate complicated factual claims and research significant legal issues, such as those raised by the Plaintiff, Norma Spence, in this case. A

motion that cites those grounds states good cause to grant the requested extension. <u>Stone v. Lockheed Martin Corp.</u> 2009 WL 68827 (D. Colorado).

The Bank has followed the dictates of Fed. R. Civ. P. 7(b) and Local Rule 3.01. Moreover, it has stated good cause for the short extension of time that it seeks. Its requested extension easily falls within the parameters of *Stone*.

## CONCLUSION

The Court should allow the Bank an additional 30 days to respond to Spence's Complaint as requested in its motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing documents and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Peter Ticktin, Esquire, The Ticktin Law Group, P.A., 600 West Hillsboro Boulevard, Suite 220, Deerfield Beach, FL 33441.

                                         AYRES, CLUSTER, CURRY, McCALL,
                                         COLLINS & FULLER, P.A.

                                         **s/Edwin C. Cluster**
                                         Edwin C. Cluster
                                         Florida Bar No: 014204
                                         Attorney for Defendant Ocala National Bank
                                         Ayres, Cluster, Curry, McCall, Collins,
                                           & Fuller, P.A.
                                         Post Office Box 1148
                                         Ocala, Florida 34478-1148
                                         Telephone : 352-351-2222
                                         E-mail: ed.cluster@ayresclusterlaw.com